IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 13-CR-486-LSC |
| | ) | |
| JEFFREY SCOTT COTNEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OF OPINION AND ORDER

I.   Introduction.

The facts of this case as set forth in the Plea Agreement entered into by the parties are not in dispute and therefore they will not be repeated in detail. Suffice it to say that the Defendant, Jeffrey Scott Cotney ("Cotney"), utilized his position of authority to satisfy his sexual desires. During his tenure as the Jail Administrator of the Clay County Detention Center, Cotney transported a victim ("D.H."), who was then a prisoner in the Clay County Detention Center, to his home on various occasions for the purpose of performing sexual acts upon D.H.  In an effort to hide his crimes, Cotney

threatened D.H. with his return to prison if he told anyone of the activities.

In August of 2009, D.H., with the financial assistance of his family, hired Karen Benefield, an attorney, to assist him in obtaining a reduction in a sentence he had received in a Barbour County conviction. The original sentence disqualified him from consideration for a Community Corrections Program early release. His attorney was paid $1500 to assist him in the process of petitioning the Barbour County Circuit Court for a sentence reduction.  The attorney was successful in obtaining the reduction.

Following the hearing and amendment to D.H.'s sentence, the Barbour County Community Corrections Program faxed an application for admission to the Clay County Detention Center where it was intercepted by Cotney. Cotney then discovered that D.H. would not be permitted to reside at the Clay County Detention Center under Cotney's control if he was admitted to the Barbour County Community Corrections Program.  Not wanting D.H. outside his grasp, Cotney drafted and sent a fax on Clay County Sheriff's Department letterhead to the Barbour County Community Corrections Program stating that D.H. had decided not to apply for the program. This statement was not true.

By some other means, D.H. completed and sent to the Barbour County Community Corrections Program his application. Surprised to receive D.H.'s application, the Barbour County Community Corrections Program called Cotney who told them that D.H.'s wife had pressured him to list a false address in Barbour County on his application and that he, Cotney, felt D.H. should be required to complete his sentence rather than going into the program.  As a result D.H.'s application was not processed and in turn, D.H. was not granted admission into the Barbour County Community Corrections Program.

Cotney's felonious enterprise was discovered, resulting in his indictment. He pled guilty on February 19, 2014, to the deprivation of D.H.'s rights under color of law in violation of 18 U.S.C. § 242.  While this Court announced Cotney's sentence of forty eight months in the custody of the Bureau of Prisons on the 27th day of May, 2014, the issue of restitution was reserved.

II.    Discussion.

The Government contends that D.H. is due restitution in the amount of $1500 because Cotney's conduct caused D.H. to lose the benefit of the

services of his attorney, Karen Benefield. Cotney objects. It is the position of the Government that but for Cotney's conduct, D.H. would have, as a result of the reduction in the Barbour County sentence, been admitted to the Barbour County Community Corrections Program. This program would have enabled D.H. to live with his family while completing his sentence.

"Notwithstanding any other provision of law, when sentencing a defendant …the court shall order…in addition to . . . or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense…." 18 U.S.C.A. § 3663A(a)(1). Clearly D.H. is a "victim" of Cotney's offense. The question posed by Cotney's objection is whether D.H. is a "victim" as defined by the terms of the mandatory restitution statute.

The court is required to order restitution for D.H. if he is "a person directly and proximately harmed as a result of the commission of [the] offense…." 18 U.S.C.A. § 3663A (a)(2). D.H. is indeed a "victim" as defined by the statute, and thus Cotney will be ordered to pay him restitution.

To meet its burden,"'[t]he government must show not only that a particular loss would not have occurred but for the conduct underlying the

offense of conviction, but also that the causal connection between the conduct and the loss is not too attenuated (either factually or temporally).'" *U.S. v. Robertson,* 493 F.3d 1322, 1334 (11th Cir. 2007) (*quoting with approval United States v. Cutter*, 313 F.3d 1, 7 (1st Cir.2002)).  Further, Cotney's "conduct need not be the sole cause of the loss, but any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to [his] conduct. The causal chain may not extend so far, in terms of the facts or the time span, as to become unreasonable." *Id.* (*quoting with approval*, *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir.2001)).

 Cotney knew of D.H.'s efforts to reduce his Barbour County sentence so as to qualify for the community corrections program as demonstrated by Cotney personally driving him to the hearing in Barbour County. In fact, on this trip, Cotney not only sexually assaulted D.H., but took the opportunity to remind him of how he had assisted D.H. in his efforts to enter the community corrections program.

 There is no question that the $1500 worth of attorney services was to enable D.H. to enter the community corrections program.  However, it was

not until after the Circuit Judge in Barbour County ordered D.H.'s sentence reduced that Cotney discovered that he would lose his control over and access to D.H.  Giving up his ability to molest D.H. at will was apparently not acceptable to Cotney. Thus Cotney undertook actions to eviscerate D.H.'s efforts to gain entry into the community corrections program. Cotney first sent a letter falsely reporting to the Barbour County Community Corrections Program that D.H. had decided not to proceed with his application.  Then, after D.H. submitted his application to that program, Cotney personally talked with an official of the program at which time he reported false information in order to derail the consideration of D.H.'s application for admission into the program.

Cotney's conduct clearly caused D.H. to lose the benefit of the services that his attorney had provided. All of the actions that followed from Cotney's conduct were foreseeable. Cotney owes restitution to D.H. in the amount of $1500 with interest until paid.

IV.   Conclusion.

For the reasons stated in this opinion, a judgment of restitution in the amount of $1500 with interest due until paid will be entered in favor of D.H.

and against Cotney.

Done this 23rd day of June 2014.

/s/ L. Scott Coogler 2620

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE